IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY NASH,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>RETIREMENT COMMITTEE,<br><br>　　　　　　　Defendant. | Case No. 3:24-CV-173-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

With this action, Plaintiff Mary Nash seeks statutory civil penalties under the Employee Retirement Income Security Act of 1974 ("ERISA"). Nash claims that Defendant Retirement Committee, as Plan Administrator of the Pfizer Consolidated Pension Plan, failed to timely provide her with Plan documents as required under ERISA.

Now pending before the Court is the Motion to Dismiss filed by Defendant Retirement Committee.[1] (Doc. 30). Retirement Committee seeks dismissal of both Counts I and II of the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, Nash has agreed to voluntarily dismiss Count II of her Amended Complaint but contends that Count I asserts a viable claim for statutory damages under 29 U.S.C. § 1024(b)(4). (Doc. 32). For the following reasons, the Motion to Dismiss is granted.

---

[1] Defendant's Motion to Dismiss states it has been incorrectly sued as Retirement Committee Pfizer, Inc., as Plan Administrator of the Pfizer Consolidated Pension Plan. (Doc. 30). The Clerk of Court is **DIRECTED** to correct Defendant's name on the docket to "Retirement Committee," as reflected in the caption of this case.

## BACKGROUND

The following facts are derived from the Amended Complaint (Doc. 25) and assumed true for the purpose of Defendant's Motion to Dismiss. Defendant Retirement Committee is the Plan Administrator of the Pfizer Consolidated Pension Plan ("Plan Administrator"). (Doc. 25 at ¶ 1). As Plan Administrator, the Retirement Committee used the Pfizer Benefits Center as the method by which Pfizer Retirees and Beneficiaries would obtain information regarding their interest under the Pfizer Consolidated Pension Plan ("Plan"). (*Id.* at ¶ 2).

Barry Nash, husband of Mary Nash, was an employee of Pfizer and a participant in the Plan. (*Id.* at ¶ 3). Barry Nash died on June 19, 2021, leaving Nash as his sole beneficiary under the Plan. (*Id.*). Nash called the Pfizer Benefits Center on September 1, 2021, and advised that Barry Nash had died. (*Id.* at ¶ 4). Nash also requested the value of her husband's interest the Plan. The Pfizer Benefits Center promised Nash that the "benefits owed will be paid in a timely manner." (*Id.*).

On September 12, 2021, a representative from the Pfizer Survivors Services Unit called Nash and told her that a letter was prepared and sent to her seeking information that would allow the Pfizer Benefits Center to prepare a pension calculation. (*Id.* at ¶ 5). Nash later received the benefit calculation letter, dated October 21, 2021, but it contained inaccurate information. (*Id.* at ¶ 6). Nash, along with her financial advisor Brock Brannon, called the Pfizer Benefits Center to explain that the values were incorrect. (*Id.*). A representative agreed the determination of value did not seem accurate. (*Id.*). The

representative told Nash that Pfizer would recalculate the benefits and send a revised calculation letter by November 24, 2021. (*Id.*).

More than a year passed. On January 11, 2023, Nash and Brannon called the Pfizer Benefits Center to advise that Nash never received the revised benefit calculation letter. (*Id.* at ¶ 7). The Pfizer Benefits Center told Nash that a revised letter would be sent within seven to 14 days. (*Id.*). Nash and Brannon called again on January 18, 2023, and February 1, 2023, but was told the calculation letter was still in progress. (*Id.*). On February 2, 2023, the revised benefit calculation was provided, but it was still inaccurate. (*Id.*).

At that point, Nash hired an attorney, who sent a letter to the Pfizer Benefits Center in Cincinnati, Ohio, on March 2, 2023, seeking a complete copy of the Plan along with documents that would allow Nash to determine her benefits. (*Id.* at ¶ 8). Counsel received no response to the letter, so a paralegal with counsel's firm followed up by phone on April 20, 2023. (*Id.* at ¶ 9). (*Id.*). That same day, the paralegal faxed a copy of the March 2, 2023 letter to the Pfizer Benefits Center. (*Id.*).

On December 7, 2023, nearly two and a half years after Barry Nash died, Nash sued Pfizer in the Circuit Court of Fayette County, Illinois. (Doc. 1-2 at p. 13). Counsel for Defendant provided a copy of the Plan on February 2, 2024. (Doc. 25 at ¶ 10). Nash received a revised benefits letter, dated June 27, 2024, with the accurate value of her interest in the Plan. (*Id.*).

Defendant Retirement Committee removed the case from Fayette County, Illinois, to this district court on January 24, 2024. (Doc. 1). The case was then stayed until November 15, 2024, to allow Nash time to exhaust her administrative remedies as

required under the Plan. (Docs. 20, 24). After exhausting the administrative review process, Nash filed an Amended Complaint raising two counts against the Retirement Committee as "the Plan Administrator of the Pfizer Consolidated Pension Plan." (Doc. 25). Count I is a claim for damages under 29 U.S.C. § 1024(b)(4) for Defendant's failure to timely furnish Plan documents as required under ERISA. (*Id.*). Count II asserts a claim for breach of fiduciary duty under ERISA. (*Id.*). Upon the filing of Retirement Committee's Motion to Dismiss, Nash agreed to voluntarily dismiss Count II. (Doc. 33). Accordingly, the only remaining question is whether Nash has alleged facts sufficient to state a claim under 29 U.S.C. § 1024(b)(4) as alleged in Count I.

## LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must consider whether the complaint states a claim for relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff need not plead detailed factual allegations, but must provide more than "a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570; *see also Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022) ("all a complaint must do is state a plausible narrative of a legal grievance that, if proved, would entitle the plaintiff to relief").

"A district court may consider documents attached to a motion to dismiss if the

documents are referenced in the plaintiffs' complaint and are central to the claim." *Dean v. Nat'l Prod. Workers Union Severance Tr. Plan*, 46 F.4th 535, 543 (7th Cir. 2022) (citing *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). This is a narrow exception to the general rule that when additional evidence is attached a motion to dismiss, the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC*, 300 F.3d at 735 (cleaned up).

## DISCUSSION

Under 29 U.S.C. § 1024(b)(4), the administrator of a plan "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary[] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." *Id.*

The purpose of this disclosure requirement is to ensure a participant "knows exactly where he stands with respect to the plan." *Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 792–93 (7th Cir. 2009) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 118 (1989)). "Knowing where one stands" includes having the information necessary to determine eligibility for benefits, to understand one's rights under the plan, "to identify the persons to whom management of plan funds has been entrusted," and to ascertain the procedures that must be followed to obtain benefits. *Id.* (citations omitted).

A plan administrator who fails or refuses to comply with a request for any information within 30 days of such request "may in the court's discretion be personally

liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1)(B). By regulation, the maximum permissible penalty under section 1132(c)(1) has been increased to $110 per day. 29 C.F.R. § 2575.502c–3. "[A]s a penalty provision, § 1132(c) must be strictly construed." *Limbach v. Weil Pump Co., Inc.*, No. 15-C-1531, 2017 WL 1379360, at *6 (E.D. Wis. Apr. 14, 2017).

"Whether a request is proper under [§ 1024(b)(4)] is a mixed question of law and fact." *Anderson v. Flexel, Inc.*, 47 F.3d 243, 248 (7th Cir. 1995). "A request for documents under § 1024(b)(4) necessitates a response from the plan administrator when it gives the administrator clear notice of what information the beneficiary desires." *Id.*

The Retirement Committee avers the letter sent by Nash's attorney on March 2, 2023, was deficient and did not trigger any obligation for it to provide Plan documents. (Doc. 30). First, the letter was addressed to the "Pfizer Benefits Center" and mailed to a post office box in Cincinnati, Ohio, rather than to the Retirement Committee at its New Jersey address "plainly indicated in Plan documents and regulatory filings." (Doc. 30-1 at p. 3). And second, the letter did not come from a "participant or beneficiary," but from an attorney purporting to represent Nash. Because an unverified request from an attorney does not trigger disclosure obligations from a plan administrator, Defendant argues, the Amended Complaint fails to state a claim for damages under § 1132(c)(1)(B).

Nash admits the letter was sent to the wrong entity at the wrong address, and that it did not specifically authorize counsel to act on her behalf. (Doc. 32). But she disputes that these errors are fatal to her claim for civil penalties. Nash asserts that the correct

information was unavailable to her; despite calling the Pfizer Benefits Center multiple times between September 1, 2021, to February 1, 2023, she never received accurate information from Defendant. It was not until she sued Pfizer that she finally received a copy of the Plan, just 38 days after Pfizer was served. Furthermore, she argues, there is a longstanding legal presumption that an attorney can act on behalf of his or her client.

Nash's argument that the Pfizer Benefits Center never provided her with accurate information between September 1, 2021, and February 1, 2023, is irrelevant. In the Amended Complaint, Nash alleges that she requested the Pfizer Benefits Center "provide her with information regarding the value of her interest" in the Plan. She did not request the summary plan description, latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or any other instruments under which the Plan was established or operated. *See* § 1024(b)(4).

Presumably in recognition of this deficiency, the Amended Complaint only seeks damages from March 2, 2023—the date counsel sent a letter requesting Plan documents—to the date those documents were received. But the letter from Plaintiff's counsel requesting Plan documents was not sent to the Plan Administrator as required for civil penalties under ERISA. Section 1024(b)(4) requires only an "administrator" to provide plan documents "upon written request of any participant or beneficiary." Section 1132(c)(1)(B) then plainly states that "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . within 30 days after such request may in the court's discretion be *personally liable* to such participant or beneficiary . . . ." *Id.*

Here, Nash has pleaded that the Retirement Committee is the Plan Administrator. (Doc. 25 at ¶ 1). She then admits that her attorney did not send the March 2, 2023 letter to the Retirement Committee or even to the correct address. This is dispositive of her claim. Courts examining Section 1132(c) have found that, with few exceptions, liability under this section of ERISA only applies to plan administrators. *See Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009) ("Consistent with the terms of [§§ 1024(b)(4) and 1132(c)(1)], this court and others have held that liability under section 1132(c)(1) is confined to the plan administrator and have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek."); *Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 520 F. Supp. 2d 1022, 1031 (N.D. Ill. 2007) ("Precedent teaches that where the language of a statute is clear—as it is here in placing liability (indeed personal liability) on the plan administrator, with no suggestion that a claim may be advanced against the assets of the ERISA plan—courts typically should apply the statutory directive.").

Nash argues that Defendant produced the Plan documents to her on February 2, 2024, after being served with the summons and Complaint in this case on December 26, 2023. She contends that the production of the Plan on February 2, 2024, "leads to a reasonable inference that the Defendant received Plaintiff's March 2, 2023 document request letter." This is quite a stretch, particularly considering that Nash originally sued Pfizer, Inc., rather than the Retirement Committee. The more reasonable inference is that Pfizer produced the Plan documents to Nash after it was served with the Complaint. There are no facts alleged in the Amended Complaint to suggest that the Retirement

Committee received or was even aware of counsel's March 2, 2023 letter.

Because Nash never sent a request to the Plan Administrator for Plan documents, she has failed to state a claim for damages under 29 U.S.C. § 1024(b)(4), and the Court need not address whether the "unverified request" from Plaintiff's counsel triggered any disclosure obligations.

## Conclusion

For these reasons, the Motion to Dismiss filed by Defendant Retirement Committee is **GRANTED**. The Amended Complaint (Doc. 25) is **DISMISSED without prejudice**.

Plaintiff Mary Nash is **GRANTED** leave to file a Second Amended Complaint within **30 days** of this Order. If no Second Amended Complaint is filed, this action will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:   August 28, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**